UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RONELL AGEE,

                    Petitioner,

          -vs-

J. BRANDT,

                   Respondent.

_____

**DECISION AND ORDER**

**10-CV-6303L**

## I.      Introduction

*Pro se* petitioner Ronell Agee ("Agee") has submitted a letter which this Court has construed as a motion to stay the petition. Agee's motion to hold the petition in abeyance is denied without prejudice to re-file and to make a proper showing that he is entitled to a discretionary stay of the petition pursuant to *Rhines v. Weber*, 544 U.S. 266, 277 (2005).

## II.     Discussion

In *Rhines*, 544 U.S. at 277, the Supreme Court limited the district courts' approval of stay requests only to those situations where there is a showing by the petitioner of "good cause" for the failure to exhaust the claims in state court prior to bringing the federal habeas corpus petition and that the unexhausted claims are not "plainly meritless." *Id.* at 277. "[T]he majority of th[e] lower courts which have addressed the issue at length analogized the 'good cause' requirement to the requirement that a habeas corpus petitioner demonstrate 'cause' to excuse

other types of procedural defaults." *Ramdeo v. Phillips,* No. 04-CV-1157 (SLT), 2006 WL 297462, *5 (E.D.N.Y. Feb. 8, 2006) (citations omitted). "Even in cases which expressly reject the notion that 'good cause' is analogous to 'cause' for a procedural default (citation omitted), the 'good cause' has arisen from external factors, not petitioner's own decisions." *Ramdeo,* 2006 WL 297462, at * 6.

In the instant matter, to the extent Agee has new claims to exhaust and raise herein, he has failed to establish the *Rhines* criteria for the granting of a stay as to those new claims. Agee simply writes, "I would like to hold my petition in abayance [sic] until, I either get counsel from [the] court, and also to do a 440.10sub(2A) motion"[1] "[b]ecause there was [sic] cases that came out that change [the] law pertaining to my case, which applies to me because it came after my trial conviction but before my direct appeal even before my convict [sic] became final.". Other than that, Agee states nothing about what claim or claims he wishes to exhaust and raise in this petition. The Court cannot determine whether Agee is entitled to a stay-and-abeyance under *Rhines* because there is no information upon which the Court can assess whether "good cause" exists for the failure to exhaust earlier and whether the new claim or claims are potentially meritorious. The Court cannot exercise its discretion in a vacuum. Due to the lack of information provided by Agee, his request for a stay of these proceedings with respect to any unexhausted claim or claims must be denied without prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Agee's motion to hold the petition in abeyance is **DENIED WITHOUT PREJUDICE** to re-filing upon a showing pursuant to *Rhines*, 544 U.S. at

---

[1]      The Court presumes that Agee is referring to a motion to vacate the judgment pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10.

277, that (1) there is good cause for petitioner's failure to exhaust the new claim or claims, (2)

that the new claim or claims relate back to the claims originally pled in the petition and (3) that

the new claims are not plainly meritless. **Petitioner must set forth with specificity the factual**

**and legal bases for the new, unexhausted claims he seeks to add to the instant habeas**

**corpus proceeding**.

      **If Agee re-files his motion for a stay and abeyance, he must do so within thirty (30)**

**days of this Order.  The re-filed motion must be served on Respondent's counsel.**

      **Nothing contained in this Order shall be considered to be a limitation on Agee's**

**ability to pursue any state court remedies that may be available to him.**

      **FURTHER**, **to the extent Agee seeks to add a new claim or claims to the petition, he**

**shall, in addition to re-filing the motion to hold the petition in abeyance, file with this Court**

**and serve upon Respondent a motion to amend the petition which addresses the issue of**

**timeliness of the new claim or claims and "relation back" pursuant to** *Mayle v. Felix,* **545**

**U.S. 644, (2005).**  He shall also attach to said motion a proposed amended petition that raises

both the claims now raised in the petition and the new claim or claims Agee needs to exhaust and

then add to the instant habeas corpus proceeding.

      **FURTHER,** the Clerk of the Court shall forward to petitioner a Form Petition For

Habeas Corpus Relief Pursuant to 28 U.S.C. § 2254, which Petitioner may use for his proposed

amended petition. Petitioner is advised that he may attach additional pages to the petition form to

explain the exact nature of his claims**.**

As noted above, if Petitioner re-files his motion for a stay and abeyance, he must file it, along with a proposed amended petition, within thirty (30) days of this Order. Petitioner must also serve copies upon Respondent's counsel.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 24, 2011.